ORIGINAL

# United States Court of Appeals for the Federal Circuit

FILED
MAR 3 1 2008
U.S. COURT OF FEDERAL CLAIMS

2007-5105, -5119

JOHN G. WESTINE,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

## Judgment

ON APPEAL from the United States Court of Federal Claims

in CASE NO(S). 07-CV-148

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

**APPEAL NO. 2007-5105 DISMISSED**
**APPEAL NO. 2007-5119 AFFIRMED**

ENTERED BY ORDER OF THE COURT

DATED FEB - 7 2008

Jan Horbaly, Clerk

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
By: [signature] Date: 3/31/08

ISSUED AS A MANDATE: MAR 3 1 2008

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5105, -5119

JOHN G. WESTINE,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

John G. Westine, of Adelanto, California, pro se.

James W. Poirier, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Bryant G. Snee, Deputy Director.

Appealed from: United States Court of Federal Claims

Senior Judge Robert H. Hodges, Jr.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5105, -5119

JOHN G. WESTINE,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeals from the United States Court of Federal Claims in 06-CV-562 and 07-CV-148, Senior Judge Robert H. Hodges, Jr.

---

DECIDED: February 7, 2008

---

Before RADER and LINN, Circuit Judges, and WOLLE, Senior District Judge.*

PER CURIAM.

John G. Westine ("Westine") appeals from two final decisions of the United States Court of Federal Claims, which dismissed two separate complaints he filed challenging his 1992 criminal conviction and related property forfeiture. Because Westine's notice of appeal was untimely, we lack jurisdiction over and dismiss Appeal No. 2007-5105. Because the Court of Federal Claims correctly concluded that Westine's second complaint was barred by res judicata, we affirm Appeal No. 2007-5119.

---

* Honorable Charles Robert Wolle, Senior District Judge, United States District Court for the Southern District of Iowa, sitting by designation.

Westine was convicted of money laundering and fraud in 1992 and is currently a prisoner at the United States Penitentiary in Victorville, California. On June 22, 2006, Westine filed a complaint with the Court of Federal Claims challenging a portion of his 1992 conviction and requesting the return of certain real and personal property forfeited in connection with that conviction. On January 18, 2007, the Court of Federal Claims dismissed Westine's complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted. On March 27, 2007, Westine filed a notice of appeal from that decision, the timeliness of which is at issue.

On March 5, 2007, Westine filed a second complaint with the Court of Federal Claims that requested relief substantially identical to that sought in his first complaint. On April 24, 2007, the Court of Federal Claims dismissed Westine's second complaint, concluding that res judicata barred Westine from relitigating those claims. On May 30, 2007, Westine filed a timely notice of appeal from that decision.

"Whether this court has jurisdiction over an appeal taken from a district court judgment is a question of law which we address in the first instance." HIF Bio, Inc. v. Yung Shin Pharms. Indus. Co., 508 F.3d 659, 662 (Fed. Cir. 2007) (quoting Pause Tech. LLC v. TiVo Inc., 401 F.3d 1290, 1292 (Fed.Cir.2005)). Jurisdiction of the Court of Federal Claims, as well as that court's application of res judicata, are questions of law that we review without deference. Case, Inc. v. United States, 88 F.3d 1004, 1008 (Fed. Cir. 1996).

We first address our own jurisdiction to review the January 18, 2007 decision of the Court of Federal Claims. The timely filing of a notice of appeal is a jurisdictional requirement. See Bowles v. Russell, 551 U.S. ___, 127 S. Ct. 2360, 2366 (2007).

Westine was required by statute to file a notice of appeal from the decision within sixty days. 28 U.S.C. § 2522; 28 U.S.C. § 2107(b). His notice of appeal, filed on March 27, 2007, is beyond the 60-day deadline and is therefore untimely. Westine argues, however, that he filed a Rule 59(e) motion[1] on February 5, 2007, and that such motion tolled the filing deadline for his notice of appeal. A timely filed motion under Federal Rule of Civil Procedure 59(e) tolls the time period for filing a notice of appeal. See Fed. R. App. P. 4(a)(4)(A)(iv); Kraft, Inc. v. United States, 85 F.3d 602, 604-05 (Fed. Cir. 1996). Motions under Rule 59(e) "shall be filed no later than 10 days after entry of judgment." Fed. R. Civ. P. 59(e). The Court of Federal Claims entered judgment on January 18, 2007. Thus, any motion to amend the judgment under Rule 59(e) was required to be filed no later than February 1, 2007. Westine's motion, which he alleges he filed on February 5, 2007, was untimely and therefore does not save his untimely notice of appeal. Consequently, we lack jurisdiction to entertain an appeal of the Court of Federal Claims's January 18, 2007 decision.[2]

In the second decision on appeal, the Court of Federal Claims concluded that res judicata barred Westine's second complaint. "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could

---

[1] It is unclear what Westine actually filed, because the Court of Federal Claims ordered the submission be returned due to numerous procedural deficiencies. See Westine v. United States, No. 06-CV-562C, slip op. (Fed. Cl. Feb. 23, 2007). We therefore presume for the sake of these appeals that Westine's characterization of the submission is accurate.

[2] Were we to reach the merits of Westine's first appeal, we would easily affirm. The Court of Federal Claims is a court of limited civil jurisdiction, and it "does not have jurisdiction to review the decisions of district courts . . . ." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994) (order).

have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). As previously noted, the claims raised in Westine's second complaint are substantially identical to those raised and addressed by the Court of Federal Claims in his first complaint. Because the claims in Westine's first complaint were addressed and disposed of in the Court of Federal Claims's January 18, 2007 decision, the Court of Federal Claims did not err in concluding that the identical claims as presented in Westine's second complaint were barred by res judicata.

For the foregoing reasons, we dismiss Appeal No. 2007-5105 and affirm Appeal No. 2007-5119.

COSTS

No costs.

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

By: [signature] Date: 3/31/08